```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
RAMESH SHARMA,                )
                              )
          Plaintiff,          )
                              )
v.                            )    Civil Action No. 10-1033 (GK)
                              )
DISTRICT OF COLUMBIA,         )
                              )
          Defendant.          )
_____)
```

## MEMORANDUM OPINION

Plaintiff, Ramesh Sharma, a former employee of the District of Columbia Office of Contracting & Procurement ("OCP"), brings this action against Defendant, District of Columbia, for retaliation in violation of the D.C. Whistleblower Protection Act ("DCWPA"), D.C. Code § 1-615.54, the federal False Claims Act ("FCA"), 31 U.S.C. § 3730, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 626(c) and 633a(c).

This matter is presently before the Court on the Defendant's Partial Motion to Dismiss [Docket No. 53]. Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below, the Defendant's Partial Motion to Dismiss is **granted.**

## I. Background

### A. Factual Background[1]

In January 2003, Sharma was hired as a Senior Contract Specialist by the OCP, an agency of the District of Columbia government. Beginning in 2005 and continuing until early 2009, Sharma alleges that various D.C. employees pressured him to approve contracts that were fraudulent, wasteful, and violated D.C. and federal laws and regulations. Sharma contends that he refused to approve these contracts and filed a series of whistleblower complaints with various D.C. and federal agencies.

On October 18, 2006, Sharma filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). He amended the complaint six times between his filing date and July 5, 2009. On February 12, 2007, Sharma applied for two Supervisory Contract Specialist positions. Both positions were one employment grade above his current position. Sharma was neither interviewed nor selected for either of the positions.

On March 4, 2009, the construction contracting group at OCP, where Sharma worked, was moved to the D.C. Government's Office of

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, unless otherwise noted, the facts set forth herein are taken from the Complaint.

Property Management ("OPM"). In connection with this move, Sharma's co-workers were transferred to other positions within OCP or were sent to the newly formed OPM construction contracting division. Sharma, by contrast, received a notice of Reduction in Force ("RIF") shortly after the reorganization. This notice, which was dated May 18, 2009, was received by Sharma on May 29, 2009, and was effective as of June 19, 2009. Sharma was the only member of the OCP construction contracting group who was subjected to a RIF. On June 3, 2009, Sharma was placed on administrative leave with pay.

On June 11, 2009, Sharma filed a whistleblower reprisal complaint and a complaint about the RIF notice with the D.C. Inspector General's Office. On June 19, 2009, Sharma's RIF went into effect and he was terminated from employment. On July 16, 2009, Sharma appealed the RIF decision to the D.C. Office of Employee Appeals ("OEA"). Sharma withdrew his appeal without prejudice on April 11, 2010. Subsequently, the OEA dismissed Sharma's appeal with prejudice on April 13, 2010.

On September 30, 2010, the EEOC issued a determination on Sharma's EEOC complaint. The determination was favorable to Sharma on a number of his Title VII and ADEA claims against the District. On March 29, 2011, after attempts at conciliation failed, the EEOC referred Sharma's claims to the Department of Justice ("DOJ"). The DOJ ultimately chose not to sue the District on Sharma's behalf,

although it did provide Sharma with a Right-To-Sue letter dated December 21, 2011.

### B.  Procedural Background

On June 18, 2010, Sharma filed this lawsuit against the D.C. Government [Dkt. No. 1]. On September 1, 2010, the District filed its Motion to Dismiss the Original Complaint [Dkt. No. 5]. On June 17, 2011, this Court denied the Defendant's Motion to Dismiss the Original Complaint [Dkt. No. 21]. On July 8, 2011, the District filed an Answer to the Original Complaint. [Dkt. No. 25].

On February 6, 2012, Sharma filed his Second Amended Complaint [Dkt. No. 42].[2] On March 21, 2012, the District filed an Answer to the Second Amended Complaint. [Dkt. No. 47].

On March 28, 2012, Sharma filed his Third Amended Complaint [Dkt. No. 50]. On April 16, 2012, the District filed an Answer to the Third Amended Complaint [Dkt. No. 52].

Also on April 16, 2012, the District filed the pending Partial Motion to Dismiss the Third Amended Complaint ("Def.'s MTD Count II") [Dkt. No. 53]. On May 3, 2012, Sharma filed his Memorandum in Support of Plantiff's Opposition to the Defendant's Partial Motion to Dismiss ("Pl.'s Opp'n Mem.") [Dkt. No. 56]. On May 17, 2012, the

---

[2] On January 30, 2012, Sharma filed a Motion to Amend the Original Complaint, to which he attached his First Amended Complaint. [Dkt. No. 38]. Sharma's First Amended Complaint was not separately docketed.

District filed its Reply to Plaintiff's Opposition to Defendant's Partial Motion to Dismiss ("Def.'s Reply") [Dkt. No. 59].

## II. Standard of Review

Under Rule 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted) (citing Twombly, 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the pleaded factual content [must] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1940 (citing Twombly, 550 U.S. at 556).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. Under the standard set forth in Twombly, a "court deciding a motion to dismiss must . . . assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.,

525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotations and citations omitted). See <u>Tooley v. Napolitano</u>, 586 F.3d 1006, 1007 (D.C. Cir. 2009) (declining to reject or address the government's argument that <u>Iqbal</u> invalidated <u>Aktieselskabet</u>).

### III. Analysis

The FCA prohibits individuals from "knowingly present[ing], or caus[ing] to be presented, a false or fraudulent claim for payment or approval" to the U.S. government. 31 U.S.C. § 3729(a)(1)(A). Under the statute, an employee who has been discriminated against for engaging in activities protected under the statute may bring a civil action against her employer. Section 3730(h), which is the basis of this cause of action, provides that:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee . . . in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h).

To make out a claim of retaliation under the FCA, an employee must demonstrate that: "(1) he [or she] engaged in protected activity . . . and (2) he [or she] was discriminated against because of that activity." <u>U.S. ex rel. Yesudian v. Howard Univ.</u>,

153 F.3d 731, 736 (D.C. Cir. 1998) (internal quotations and citation omitted). Where there is no direct evidence of discrimination, "the employee must . . . make two further showings. The employee must show that: (a) the employer had knowledge the employee was engaged in protected activity; and (b) the retaliation was motivated, at least in part, by the employee's engaging in [that] protected activity." Id. (internal quotations and citations omitted) (alteration in original).

Sharma alleges that he was demoted, reprimanded, stripped of his contracting office authority, deprived of various employment opportunities within the D.C. Government, and otherwise discriminated against in retaliation for his whistleblowing activities. Sharma contends that these alleged retaliatory actions by the District constitute a violation of the FCA.

The District argues that Sharma's FCA claim must be dismissed because he failed to plead fraud with the requisite particularity under the heightened pleading standard of Federal Rule 9(b).[3] The District further argues in the pending Motion that Sharma failed to allege in its Third Amended Complaint that it "presented a 'false

---

[3] The District is incorrect. In this Circuit, whistleblower allegations as to retaliation are "unconstrained by the fraud pleading standard" and "need satisfy only Rule 8's general pleading requirements," in contrast to fraud FCA violations which are required to meet the requirements of Rule 9(b). Martin-Baker Aircraft Co., 389 F. 3d 1251, 1259 (D.C. Cir. 2004).

or fraudulent claim' to the [federal] government" for payment. Def.'s MTD Count II at 7 (quoting 31 U.S.C. § 3730(h)) (emphasis added).

In response, Sharma contends that the District's Motion should be denied because this Court already: (1) concluded that its FCA claim was adequately pled and (2) ruled "in Plaintiff's favor on the exact same issue." Pl.'s Opp'n Mem. at 15. Sharma further argues that the Third Amended Complaint "mentions projects funded by Federal money on which he claims that Defendant violated the False Claims Act" and that "[t]he Court can take judicial notice of this fact from D.C. and federal documents." Id. at 19.

In its Motion to Dismiss Sharma's Original Complaint, the District argued that Sharma's FCA claim fails because the Complaint is devoid of facts: (1) that Sharma was investigating matters that reasonably could lead to a viable FCA claim; (2) that the District had knowledge of Sharma's protected activities; and (3) that Sharma faced retaliation because of his engagement in protected activities. Def.'s MTD Orig. Compl. at 9-11 [Dkt. No. 5].

In ruling on that Motion, the Court concluded that these specific factual allegations, whose sufficiency the District challenged, were more than adequately pled. However, contrary to Sharma's assertion, the Court has not ruled on the argument Defendant now makes in the pending Motion, i.e., that Sharma's FCA

claim fails because he did not allege that the District presented an actual fraudulent claim for payment to the Federal Government. Accordingly, the Court must reach the merits of this argument.

In order to properly plead a retaliation claim under the FCA, a plaintiff must allege that there was a violation of the statute, <u>i.e.</u>, the presentment of a false or fraudulent claim to the federal government. "The [Federal False Claims Act] attaches liability not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.' Therefore, a central question in False Claims Act cases is whether the defendant ever presented a 'false or fraudulent claim' to the government." <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 785 (4th Cir. 1999) (quoting <u>United States v. Rivera</u>, 55 F.3d 703, 709 (1st Cir. 1995)).

A thorough review of Sharma's Third Amended Complaint reveals no allegations that the District presented a false or fraudulent claim to the Federal Government for payment. Sharma's argument that his claims "involve federal money" and that the Third Amended Complaint "mentions projects funded by Federal money on which he claims that [the District] violated the False Claims Act" is insufficient to cure his defective Complaint. Pl.'s Opp'n Mem. at 18-19. Sharma's contention that some of the projects mentioned in his Complaint were at some point funded at least in part by federal

funds does not constitute an allegation that the District presented a false or fraudulent claim for payment to the Federal Government. See generally Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) ("[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by facts set out in the complaint.").

Moreover, it is clear that Sharma is now, in his Opposition to the District's present Motion, attempting to cure this deficiency by amending his Complaint to properly state a claim under the FCA. This is clearly impermissible. Calvetti v. Antcliff, 346 F. Supp. 2d 92, 107 (D.D.C. 2004); Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, the District's Partial Motion to Dismiss is **granted**.

**IV.  CONCLUSION**

For the reasons stated herein, Defendant's Partial Motion to Dismiss is **granted.** An Order will accompany this Memorandum Opinion.

|  |  |
|---|---|
| August 8, 2012 | /s/<br>Gladys Kessler<br>United States District Judge |

**Copies via ECF to all counsel of record**