UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMESH SHARMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-01033-GK |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Ramesh Sharma, by his undersigned counsel, hereby moves for partial summary judgment on seven of his non-selection claims and in support of his motion states:

1.  Plaintiff alleges that some twenty times between 2005 and 2009 Defendant failed or refused to promote him to higher positions because of his race (Asian), national origin (India), age (60's), and/or prior protected activities. See Amended Complaint ¶¶408, 419, 429, 432.

2.  As explained in the attached memorandum and Statement of Material Facts Not in Dispute, in some seven of these non-selections the elements of Plaintiff's prima facie claims are undisputed and Defendant is unable to refute those claims with any so-called non-discriminatory reasons, often because it has violated the Equal Employment Opportunity Commission's record-keeping regulations, 29 C.F.R. § 1602.14, by failing to keep personnel documents relating to those non-selections, despite its knowledge of the pendency of Plaintiff's EEOC charges since October 2006. As the Court stated in its order of January 15, 2013, "It is hard to believe that a local Government entity simply ignores EEOC regulations, as well as the most basic procedures for management of its work-force. Unfortunately, that appears to be the case."

3.  Moreover, the Court has ruled that Defendant will not be able to produce documents it did not produce in discovery: "Defendant is prohibited from using or relying on any

documents or information sought in discovery, including use at trial, produced more than 14 days after issuance of this Order[.]" Order dated January 15, 2013.

    4.    For the reasons stated above and in the attached memorandum and Statement of Material Facts Not in Dispute, Plaintiff requests that the Court enter summary judgment in his favor on the merits of his discrimination and retaliation claims involving the following non-selections:

    1.    Supervisory Contract Specialist (MS-14) under Posting #2037 (Construction-OCP), dated October 14, 2005;

    2.    Supervisory Contract Specialist (MS-14) under Posting #5647 (Construction-OCP), dated January 18, 2007;

    3.    Supervisory Contract Specialist (MS-14) under Posting #5677 (OCP), dated January 18, 2007;

    4.    Assistant Director, Procurement (MS-16) under Posting # 8610 (OCP), dated December 5, 2007;

    5.    Assistant Director, Construction Contracting (MS-16) under Posting #9937, re-posted as #10953 (OCP), dated March 7, 2008;

    6.    Supervisory Contract Specialist (MS-15) under Posting #12320 (Construction-OCP), dated November 26, 2008; and

    7.    Supervisory Contract Specialist (MS-14) under Posting #12923, reposted as #13026(OPM), dated March 27, 2009.

    WHEREFORE, Plaintiff requests that after ruling on Defendant's summary judgment motion, the Court schedule a trial on his damages claims in these and other claims.

Respectfully submitted,

      /s/ Alan Banov
ALAN BANOV #95059
KHALILAH LICORISH, Pro hac vice
Alan Banov & Associates
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
301-588-9699; fax:  301-588-9698
abanov@banovlaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Plaintiff's Motion for Partial Summary Judgment and of the attached proposed order, memorandum, Statement of Material Facts Not in Dispute, and exhibits has been made through the Court's electronic transmission system on August 12, 2013, upon the following counsel for Defendant:

Michael Addo, Esq.
Assistant Attorney General
General Litigation Section 1
Office of the Attorney General for the District of Columbia
One Judiciary Square - Suite 600 South
441 4th Street, NW
Washington, D.C. 20001

  /s/   Alan Banov_____
ALAN BANOV